### UNITED STATES v. MURPHY.

#### (Circuit Court, S. D. New York. December 12, 1898.)

#### No. 2,704.

CUSTOMS DUTIES—REAPPRAISEMENT—LEGALITY—FAILURE TO EXAMINE GOODS.
On appeals from appraisements by the local appraiser of imported merchandise taken by the collector of customs under Customs Administrative Act June 10, 1890, c. 407, § 13, 26 Stat. 136 [U. S. Comp. St. 1901. p. 1932], the general appraiser who made the reappraisements did not have before him the merchandise in question, nor samples thereof, the merchandise had passed out of the possession and control of the importers, and the collector had not ordered its return, in accordance with the terms of a bond which had been given by the importers under section 2899, Rev. St. [U. S. Comp. St. 1901, p. 1921]. *Held*, that the reappraisements were void, and that the duties should be assessed on the basis of the values found by the local appraiser, and not those found by the general appraiser.

On Application for Review of a Decision of the Board of United States General Appraisers.

The decision below related to the assessment of duty by the collector of customs at the port of New York on goods imported by

Alexander Murphy & Co., and was on the question of the validity of certain reappraisements by a single general appraiser, made under section 13, Customs Administrative Act June 10, 1890, c. 407, 26 Stat. 136 [U. S. Comp. St. 1901, p. 1932]. Note Curnen v. United States (C. C.) 136 Fed. 807.

The opinion of the board reads as follows (Somerville, General Appraiser):

We find the facts in these cases to be as stated in the accompanying Exhibit A, dated December 28, 1897, and admitted in evidence as part of the record. The point of contention in the protests is that certain reappraisements made by a general appraiser of the various goods covered by the invoices were invalid and void on the ground that the general appraiser who made the reappraisements did not examine any of the goods in question, having neither the goods nor samples before him at the time of the hearing. The reappraisements in question were ordered by the collector, and no second reappraisement was made by a board of three general appraisers of any of the cases of merchandise. Counsel for the importers appeared at the hearing of these reappraisements, and objected to the general appraiser taking any action concerning the cases of merchandise covered by the protests, alleging that the original appraisement was presumably correct, as the official act of a public officer, until the contrary was shown, and insisting that unless the cases of merchandise, or sufficient samples, were present before, and were examined by, the general appraiser, or witnesses, if any, no reappraisement could be made. The merchandise in question had been duly delivered by the custom-house authorities to the importers, had by them been sold and sent to their customers, and had passed out of their possession and control; and none of the merchandise, nor any samples, had been seen by the general appraiser or any of the witnesses called in these matters. It is the judgment of the board that the reappraisements made by the general appraiser were not valid, for want of compliance with the requirements of the regulations of the Secretary of the Treasury covering reappraisements of merchandise made pursuant to law, and also as being in conflict with certain well-settled principles of law. Customs Regulations 1892, art. 847; T. D. 6,957; T. D. 12,483; Converse v. Burgess, 18 How. 413, 15 L. Ed. 455; Greely v. Thompson, 10 How. 225, 13 L. Ed. 397; U. S. v. Doherty (D. C.) 27 Fed. 730; Origet v. Hedden, 155 U. S. 228, 15 Sup. Ct. 92, 39 L. Ed. 130; Muser v. Magone, 155 U. S. 240, 15 Sup. Ct. 77, 39 L. Ed. 135; and other cases cited in the brief of counsel for the importers.

In addition to the facts stated in the foregoing opinion, it appeared that a bond had been given under section 2899, Rev. St. (U. S. Comp. St. 1901, p. 1921), providing that "the collector may * * * take bonds * * * in double the estimated value of such merchandise, conditioned that it shall be delivered to the order of the collector at any time within ten days after the package sent to the public stores has been appraised and reported to the collector." No such demand was made by the collector within the period named. No additional evidence was introduced in the circuit court.

Everit Brown, for importers.

Henry C. Platt, Asst. U. S. Atty.

Before TOWNSEND, District Judge.

At the conclusion of the argument the court affirmed the decision of the Board of General Appraisers without opinion.